UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMY DURAND HATTEN,

        Plaintiff,

v.                                  Case No:   2:13-cv-829-Ftm-29UAM

SUZANNE DECOPAI and STATE OF
FLORIDA,

        Defendants.
_____/

## ORDER OF DISMISSAL

Plaintiff Jimmy Durand Hatten ("Plaintiff"), a detainee at the Lee County Jail in Fort Myers, Florida, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed November 25, 2013).  The complaint is presently before the Court for initial screening pursuant to 28 U.S.C. § 1915(e).[1]

For the reasons set forth in this order, Plaintiff's complaint is dismissed because it seeks monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[1] Because Plaintiff seeks to proceed *in forma pauperis* (Doc. 2), the Court is required to review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings.  This review process was implemented in an effort to reduce meritless prisoner litigation. Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996); see H.R. Rep. No. 104-378, 104th Cong. 1st Sess. 166.

**I.   Complaint²**

Plaintiff's complaint is based upon an apparent confusion regarding the date he was released from custody in July of 2012 (Doc. 1 at 8).  Plaintiff asserts that "the release officer falsified the plaintiff['s] name on 7/2/2012 and the plaintiff was released on 7/3/2013[.] [T]he plaintiff was not released on 7/2/2013[.] [T]he plaintiff released 7/3/2013 without a court date to come to court and the plaintiff did not sign paper work to come to court[.] [T]he plaintiff was [never] giving [sic] a court date to appear in court." (Doc. 1 at 8).

Plaintiff asserts that, due to his failure to appear at his court date, Defendant State of Florida put out a bench warrant for his arrest for failure to appear.  Plaintiff was arrested on June 29, 2013 or July 3, 2013 and was brought back to Fort Myers (Doc. 1 at 12).  Plaintiff asserts that Defendant Assistant State Prosecutor Suzanne Decopai is the moving force behind the State of Florida.  Id.

Plaintiff asserts that he should not be in jail and that the "3 bogus warrants for the plaintiff['s] arrest . . . [cost] the plaintiff (Jimmy Hatten) freedom and liberty by the illegality of cause." (Doc. 1 at 12).

---

² All facts are taken from Plaintiff's Complaint and the attachments to the Complaint (Doc. 1). See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Plaintiff seeks two million dollars in compensation and an additional $3,000 in damages because he has to represent himself in this action (Doc. 1 at 13).

## II.  Legal Standards

Title 28 § 1915(e)(2) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ---
>
> (A)  the allegation of poverty is untrue; or
>
> (B)  the action or appeal—
>
> (i)      is frivolous or malicious;
>
> (ii)     fails to state a claim on which relief may be granted; or
>
> (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint is frivolous under § 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are clearly baseless. Id. at 327; Denton v. Hernandez, 504 U.S. 25, 31 (1992).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The

3

language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)[.]"). A complaint fails to state a claim when it does not include "enough factual matter" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). "However, the court need not accept inferences drawn by [Plaintiffs] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." In re Delta/AirTran Baggage Fee Antitrust Litig., 733 F. Supp. 2d 1348, 1358 (N.D. Ga. 2010). Moreover, the Court must read the plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

**II. Analysis**

To state a claim under § 1983, a plaintiff must allege: (1) a violation of a specific constitutional right or federal statutory provision; (2) was committed by a person acting under color of state law. Doe v. Sch. Bd. of Broward Co., 604 F.3d 1248, 1265

4

(11th Cir. 2010). Plaintiff is suing both the State of Florida and Assistant State Attorney Suzanne Decopai. Because he does not indicate whether Defendant Decopai is sued in her official or individual capacity, the Court will assume that Plaintiff intended to sue this defendant in both her official and individual capacities.

Construing Plaintiff's complaint liberally, he argues that the State of Florida and Assistant State Attorney Suzanne Decopai failed to recognize that Plaintiff had not been provided notice of his court appearance date, and as a result, he was unjustly arrested for failing to appear in court.

### a. *Sovereign immunity bars Plaintiff's claims against the State of Florida and against Assistant State Attorney Suzanne Decopai in her official capacity*

It is well established that the Eleventh Amendment is an absolute bar to a § 1983 suit for monetary damages by an individual against a state or its agencies, and against officers or employees of the state or its agencies in their official capacities. Edelman v.. Jordan, 415 U.S. 651 (1974). As the State Attorney's Office is a state agency, it is considered an "arm of the state," and therefore, a suit against the State Attorney's Office is for all practical purposes, a suit against the state. Rich v. City of Jacksonville, No. 3:09-cv-454-J-34MCR, 2010 WL 4403095, at *3-4 (M.D. Fla. Mar. 31, 2010) (citing Perez v. State Attorney's Office, No. 6:08-cv-1199-Orl-31KRS, 2008 WL

5

4539430, at *2 (M.D. Fla. Oct. 8, 2008)). The same is true for the employees of the agency. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (suits against state officials in their official capacities are not suits against the officials but rather are suits against the officials' offices and are no different from suits against the State).

Accordingly, Plaintiff's claims against the State of Florida and Assistant State Attorney Suzanne Decopai in her official capacity are barred by the Eleventh Amendment unless: (1) the state has expressly waived its immunity; (2) Congress has abrogated the immunity pursuant to § 5 of the Fourteenth Amendment; or (3) prospective injunctive relief is sought in a suit challenging the constitutionality of a state official's action. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524–25, n.2 (11th Cir. 1990). The State of Florida has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983 cases. Id. The third exception does not apply because Plaintiff seeks only monetary damages. Therefore, Plaintiff's claims against the State of Florida and against Assistant State Attorney Decopai in her official capacity are barred by the Eleventh Amendment. These claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

> ### *b. Defendant Decopai is entitled to immunity for the actions taken in relation to Plaintiff's arrest for failure to appear*

A prosecutor is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate. Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). In determining whether a prosecutor's challenged actions were taken in the scope of her role as a state advocate, the court examines the function and nature of the act. Buckley, 509 U.S. at 269. The initiation and pursuit of a criminal prosecution, appearances before the court, and other in-court activity are classic examples of actions that are taken by a prosecutor in performing his role as a government advocate. See Rivera, 359 F.3d at 1353; see also Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State"); Elder v. Athens–Clarke County, Ga. Through O'Looney, 54 F.3d 694, 695 (11th Cir. 1995) ("A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his office, is immune from an action for damages under § 1983." (citing Imbler v. Pachtman, 424 U.S. 409 (1976)).

7

In the instant case, Plaintiff seeks damages against Defendant Decopai for actions she took in her role as a government advocate; namely seeking to have Plaintiff arrested for failing to appear in court. Even though Plaintiff alleges that he had no knowledge that he was supposed to appear in court, and appears to allege that Prosecutor Decopai had an improper motive for arresting him, she is still entitled to immunity. For qualifying acts, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent. See Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously[.]")(quotations omitted); see also Rowe v. Fort Lauderdale, 279 F.3d 1271, 1279–80 (11th Cir. 2002) (holding that a prosecutor remains absolutely immune for knowingly proffering perjured testimony and fabricated exhibits at trial).

Therefore, Plaintiff's claims against Assistant State Attorney Decopai in her individual capacity are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. Conclusion

Because Plaintiff's claims for monetary damages against the State of Florida and against Defendant Decopai in her official capacity are barred by Eleventh Amendment immunity, these claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Because Defendant Decopai is entitled to prosecutorial immunity, all

8

claims against her are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**ACCORDINGLY**, it is hereby **ORDERED**:

1. Plaintiff's claims against the State of Florida and Defendant Decopai are dismissed because they seek monetary damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii);

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**; and

3. The **Clerk of the Court** is directed to terminate all pending motions, to close this case, and to enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida, this __2nd__ day of December, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

OrlP-4   12/2/13
Copies to: Jimmy Durand Hatten